[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
10/15/98
THOMAS  K. KAHN
CLERK

_____

No. 98-4186
Non-Argument Calendar

_____

D. C. Docket No. 97-7213-CV-WJZ; 97-22403-RBR BKC

HENRY LEE COMPANY,

Plaintiff-Appellant,

versus

MARIKA TOLZ, Trustee,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida, Fort Lauderdale Division

_____

**(October 15, 1998)**

Before BLACK and HULL, Circuit Judges, and GODBOLD, Senior Circuit Judge.

PER CURIAM:

Defendant Henry Lee Company appeals from a judgment in the district court granting summary judgment in favor of the plaintiff, Marika Tolz in her capacity as bankruptcy trustee for the debtor, Le Dome of the Four Seasons.

Tolz brought suit against Henry Lee to recover funds held by the Union Bank of Florida pursuant to a writ of garnishment obtained by Henry Lee. The writ of garnishment was obtained

within 90 days of the debtor's filing a voluntary petition for bankruptcy under Chapter 7. Because the writ was obtained within the 90-day presumptive period of insolvency, the trustee claimed a priority interest in the funds. Henry Lee responded by asserting that it had an enforceable judicial lien which gave it a secured interest in the funds because it obtained a partial final judgment and writ of execution against Le Dome that it docketed with the sheriff prior to the 90-day presumptive insolvency period. Henry Lee maintained that this lien gave it priority because under Florida law a judgment creditor obtains priority by delivering the writ of execution to the sheriff for the county where the property is located. Both the bankruptcy court and, on appeal, the district court held that Tolz was entitled to recover the funds because under the Florida Uniform Commercial Code a trustee in bankruptcy, as a hypothetical lien holder, takes priority over those holding an unperfected security interest in the assets of the debtor. Those courts found Henry Lee's interest to be unperfected because under the UCC a security interest in money can only be perfected by possession.

On appeal to this court Henry Lee asserts that the UCC perfection rules do not apply to the lien he obtained on Le Dome's property because under Fla. Stat. ch. 679.104, certain transactions are explicitly excluded from the UCC's perfection requirements. Excluded from these rules are "rights represented by a judgment." Fla. Stat. ch. 679.104(8) (1997). Henry Lee contends that because it obtained a judgment against Le Dome for the amount owed, its lien on the funds was a right represented by a judgment that was not subject to the UCC's perfection rules.

Henry Lee misconstrues the meaning of this exception. According to the Florida cases applying this exception, as well as commentators and other courts that have interpreted the

2

identical exception in other jurisdictions, the exception is intended to exclude the assignment of rights obtained in a judgment from the requirements of the UCC because such rights are generally intangible and do not fit within the scheme of the UCC. See Sun Bank, N.A. v. Parkland Design& Dev. Corp., 466 So. 2d 1089,1091 (Fla. Dist. Ct. App. 1985)(rejecting application of exception to situation where a garnishment claim originated as a judgment and noting that the nature of the intangible determines the applicability of the exclusion); In re Hryniewicz, 222 B.R. 14, 16 (Bankr. D. Conn. 1998)("Under this section, the rights arising from a judgment may not serve as collateral for an Article 9 security interest."); LiMandri v. Judkins, 60 Cal. Rptr. 2d 539, 547 (Cal. Ct. App. 1997)(The effect of this UCC section "is merely that a security interest in a tort claim or right represented by a judgment cannot be perfected and, accordingly, the secured party is not entitled to the benefits accorded to perfected security interests under division 9 of the UCC.") Law Research Service, Inc. v Martin Lutz Appellate Printers, Inc., 498 F.2d 836 (2d Cir. 1974)(applying New York law and holding that filing under the Code is not required to perfect the interest of the assignee of a judgment as such an assignment is expressly excluded from the operation of the Code); 68A Am. Jur. 2d Secured Transactions § 144 (1993)(" Filing was not necessary to perfect assignment of a judgment under the UCC since CLS UCC § 9-104(h) specifically excludes the right represented by a judgment from Article 9.").

This authority indicates that to determine whether the exclusion applies courts must look at the nature of the collateral to be secured. Where the collateral is the actual right represented by a judgment then the UCC's perfection rules do not apply. The collateral to be secured here was not a right represented by a judgment but funds contained in a bank account. The funds

were an asset of Le Dome that Henry Lee attempted to garnish for the purpose of recouping a debt owed. Therefore the garnishment of the funds was not a transaction excluded from the requirements of the UCC under Fla. Stat. ch. 679.104.

According to Florida law, the only way for Henry Lee to obtain a perfected security interest in the bank account funds was to take possession of them. See Fla. Stat. ch. 679.304(1). Because he had not obtained possession of the funds prior to the 90 day presumptive insolvency period that preceded Le Dome's filing of the bankruptcy petition, Tolz, as trustee, has a priority interest in the funds garnished by Henry Lee and is entitled to recover those funds. See 11 U.S.C. § 544.

The judgment of the district court is AFFIRMED.